MALCOLM YOHANNAN, BY NEXT FRIEND, ET AL., APPEL-
LANTS, v. JOSEPH BENISCH, LOUIS BENISCH, STEVEN
L. HARVEY, JOSEPH DUNN AND DAVID B. MARTIN,
RESPONDENTS.

Submitted October 29, 1926—Decided January 31, 1927.

1. In a suit to recover for injuries received by plaintiff as a result
   of being run over by a taxicab, there was testimony from which
   the jury could have found that some or all of the defendants
   were associated in the taxicab business, and that the cab in
   question was used in that business, and it was error to grant a
   nonsuit on the ground of lack of proof of ownership, direction or
   control on the part of the defendants.
2. Chattel mortgages executed by the defendants in a suit to recover
   for injuries resulting from being run over by a taxicab, although
   neither one covered the cab in question, were admissible in evi-
   dence as permitting the inference to be drawn that the defendants
   were associated in the taxicab business and exercised control in
   that capacity over the cab involved in the accident.
3. Where the testimony in an accident suit showed that the accident
   occurred at a street crossing where pedestrians might be expected
   to be about to cross the street; that the brakes of the taxicab
   which ran over the plaintiff were suddenly applied and that the
   plaintiff was dragged twenty feet from the point where he was
   struck, and that the horn was not sounded prior to the accident,
   that was sufficient evidence of negligence for the case to go to
   the jury for decision.

On appeal from the Essex County Circuit Court.

For the appellants, *Wilbur A. Heisley.*

For the respondents, *Edward R. McGlynn.*

The opinion of the court was delivered by

CAMPBELL, J.   The infant defendant and his father brought
suit to recover damages resulting from injuries to the infant
caused, as is alleged, by his being run down by a "Brown and
White" taxicab, operated by one Martin, and owned or con-
trolled by some or all of the respondents.

Originally, Martin and Joseph Benisch were the only defendants. By a subsequent order and amendment the additional defendants were brought in and made parties.

The happening complained of took place January 28th, 1924, at Bergen street and Mapes avenue, in Newark. The infant-appellant, a boy of fifteen years of age, was in the act of crossing Bergen street at its intersection with Mapes avenue.

At the conclusion of appellant's case a nonsuit was moved upon the following grounds:

*First.* As to all defendants, except David B. Martin and Joseph Benisch, because there was no proof of ownership, direction or control over the taxicab in question.

*Second.* Because there was no negligence established.

*Third.* Because the infant-plaintiff was guilty of contributory negligence.

Before the trial judge had passed upon this motion counsel for appellants discontinued the action as against Martin and Joseph Benisch and the trial judge thereupon granted the motion to nonsuit as against the remaining defendants, Harvey, Dunn and Louis Benisch, without stating the ground or grounds for such action.

Our conclusion is that such action was erroneous. Upon the question of ownership and control of the taxicab there was testimony of the defendant Martin from which the jury could have found that some or all of these defendants were associated in the taxi business, and that although the taxicab in question was owned by Joseph Benisch, it was, nevertheless, one of several vehicles used in the taxi business carried on by some or all of the parties defendant.

It was also error for the trial court to refuse to admit in evidence the chattel mortgages of September 25th, 1923, and March 31st, 1924, because, although neither one covered the car in question, yet each of said mortgages was executed by the defendants, Joseph Benisch, Louis Benisch, Steven L. Harvey and Joseph Dunn, and characterized them as copartners, constituting the Brown and White Taxi Operators' Association. One of these mortgages bears date prior and the other subsequent to the date of the alleged happening which

was the subject of consideration in the suit.  They amounted to a declaration or holding out by the parties, mortgagor, from which an inference could be drawn that these parties were associated in the taxicab business and exercised control in such capacity over the taxicab involved in this suit.

Upon the question of negligence there was proof that the happening took place at a street crossing or at the intersection of two highways where pedestrians might be expected to be found exercising their right to cross; also, that the cab in question suddenly put on its brakes and dragged along the pavement, sounding no horn prior to the happening. There was also proof that the boy had been dragged twenty feet from the point where he was struck to the point where the taxi finally was stopped; and also proof that there was a Brown and White taxicab at the scene of the accident immediately after the happening and also proof that a cab was on the boy's leg and the driver of it pushed his car off and the boy was put in the cab.

Upon the question of contributory negligence the facts were such as to make that a jury question.

The judgment of nonsuit is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.  14.